UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


ROY ANSLEM                                                      CIVIL ACTION

VERSUS                                                          NO: 12-2096

CARGILL, INC.                                                   SECTION: "H"(4)


ORDER AND REASONS

Before the Court is Defendant's Motion for Summary Judgment (Doc. 15). For the following reasons, the Motion is DENIED.


BACKGROUND

Plaintiff, Roy Anslem, filed this action for injuries sustained while working as a linesman on the dock of a grain elevator owned by Defendant, Cargill, Inc. ("Cargill"). Cargill contracted with Plaintiff's employer, who is not a party to this suit, for the performance of certain duties related

1

to mooring and unmooring of ships which dock at Cargill's grain elevator. On December 17, 2011, Plaintiff was assigned to the Cargill dock. Earlier that morning, Cargill loaded the MV ASSOS STRIKER with various grain products during a heavy rain. After the vessel was loaded and ready to leave dock, Cargill contacted Plaintiff's employer and requested that a crew come to the dock to untie the lines mooring the ship. When Plaintiff arrived at the dock, he noticed a significant accumulation of wet grain dust on the dock, which he alleges created an extremely slippery condition. As Plaintiff was untying the lines securing the vessel, he claims that one of his feet slipped in the wet dust, injuring his back. Plaintiff subsequently filed this suit alleging that Defendant was liable under Louisiana law for failure to maintain a reasonably safe dock. Defendant filed the instant Motion, claiming that it is not liable to Plaintiff because the accumulation of grain dust was "open and obvious" under Louisiana law.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (2012). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

2

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997). "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial." *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted). "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted). "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the

necessary facts." *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion." *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

**LAW AND ANALYSIS**

A. Choice of Law

Before considering the merits of the instant Motion, the Court pauses to consider whether the applicable substantive law is the law of Louisiana or the general maritime law.  Since the accident at issue occurred on a dock which has a strong connection to maritime activity, the Court is mindful that maritime law could apply.

Federal maritime tort jurisdiction requires satisfaction of a two-prong test: "the alleged wrong must have a maritime locality and must bear a significant relationship to traditional maritime activity." *Woessner v. Johns-Manville Sales Corp.*, 757 F.2d 634, 638 (5th Cir. 1985).  The locality prong of this test examines where the alleged wrong occurred. *Id*.  Prior to the passage of the Admiralty Extension Act, 46 U.S.C. § 30101, a tort claim generally did not fall within a court's admiralty jurisdiction unless the tort occurred on water. *Exec. Jet Aviation, Inc. v. City of Cleveland, Ohio*, 409 U.S. 249, 253 (1972).  However, the Admiralty Extension Act extended maritime tort jurisdiction to certain accidents which are "caused by a vessel on navigable waters, even though

the injury or damage is done or consummated on land." 46 U.S.C. § 30101. After the passage of the Admiralty Extension Act, a "court applying the location test must determine whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527 (1995). If the injury occurs on land, the plaintiff must "allege that the injury was caused by a defective appurtenance of a ship on navigable waters." *Dahlen v. Gulf Crews, Inc.*, 281 F.3d 487, 493 (5th Cir. 2002).

In the instant matter, there is no evidence that the accident either occurred on navigable waters, or was caused by the "defective appurtenance of a ship." Instead, Plaintiff alleges that his injury was caused by Defendant's failure to maintain a clean dock. Therefore, the general maritime law does not apply to this matter and, in this diversity case, Louisiana law controls. *See Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 675, 681 (5th Cir. 2011).

B. <u>Motion for Summary Judgment</u>

Under Louisiana Law, the owner of a thing may be responsible for damage caused by its "ruin, vice, or defect." La. Civ. Code art. 2317.1. "[T]o recover for damages caused by a defective thing, the plaintiff must prove that the thing was in the defendant's custody, that the thing contained a defect which presented an unreasonable risk of harm to others, that this defective condition caused the damage and that the defendant knew or should have known of the defect." *Wynn v. Luck*, 106 So. 3d 111, 113 (La. Ct. App. 2d Cir. 2012). In the instant matter, Defendant

argues that Plaintiff cannot carry his burden of proving that the defective condition which allegedly caused his injury (the accumulation of wet grain dust) presented an unreasonable risk of harm.

Article 2317.1 imposes a duty on landowners "to discover any unreasonably dangerous conditions, and to either correct the condition or warn of its existence." *Dauzat v. Curnest Guillot Logging Inc.*, 995 So. 2d 1184, 1186 (La. 2008). However, Louisiana courts have also recognized an exception to this general rule where a defect is "open and obvious." *Id*. "If the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff." *Id*. "A landowner is not liable for an injury which results from a condition which should have been observed by the individual in the exercise of reasonable care, or which was as obvious to a visitor as it was to the landowner." *Id*.

However, the open and obvious rule is not a complete defense to liability under 2317.1. Instead, the Louisiana Supreme Court has incorporated the policy underlying the open and obvious rule into the determination of whether a defect is unreasonably dangerous. *See Id.* at 1186–87. In determining whether a given condition is unreasonably dangerous, Louisiana courts balance four factors: "(1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, which includes the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of its social utility, or whether it is dangerous by nature." *Id*. at 1186–87. Thus, a defendant who asserts that a condition is open and

6

obvious may not be relieved of liability on that basis alone. Instead, courts must consider the "obviousness and apparentness of the condition" as part of the unreasonable risk of harm analysis. *Id*.

In the instant Motion, Defendant argues that the accumulation of wet grain dust was open and obvious, and thus it should be relieved of liability on that basis alone. However, Louisiana courts have not adopted such a bright line rule on landowner liability. Instead, the four part balancing test outlined above must be applied to the facts of each particular case. Defendant has artfully recited the four factors, but has failed to provide more than a superficial analysis of their applicability to the facts of this case. Given the sparse record before it, this Court is unable to fully evaluate all four of the factors and thus determine whether the alleged condition presented an unreasonable risk of harm under Louisiana law. Moreover, based on the record before the Court, it is clear that there is a genuine dispute of material fact regarding the condition of the dock on the date of the accident. Therefore, the Motion must be denied.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment is DENIED.

New Orleans, Louisiana, this 27th day of January, 2014.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE